**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOSE CHICAS MELENDEZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

COSMO CAFE, INC.
d/b/a COSMO CAFE
600 Maryland Avenue SW, 115W
Washington, DC 20024

SU MYONG KIM
2415 Anderson Hill Street
Marriottsville, MD 21104

HAE JEONG KIM
a/k/a GRACE KIM
6408 Ripe Apple Lane
Columbia, MD 21044

      Defendants.

Civil Action No. _____

# COMPLAINT

1.    While Plaintiff worked at Cosmo Café, Defendants paid him a flat weekly salary that denied him minimum and overtime wages.

2.    Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Jose Chicas Melendez is an adult resident of the District of Columbia.

6.      Defendant Cosmo Cafe, Inc. is a District of Columbia corporate entity. It does business as Cosmo Cafe. Its principal place of business is located at 600 Maryland Avenue SW, 115W, Washington, DC 20024. Its registered agent for service of process is Su Myong Kim, 600 Maryland Avenue SW, Washington, DC 20024.

7.      Defendant Su Myong Kim is an adult resident of Maryland. He resides at 2415 Anderson Hill Street, Marriottsville, MD 21104. He is an owner and officer of Defendant Cosmo Cafe, Inc. He exercises control over the operations of Cosmo Cafe, Inc. — including its pay practices.

8.      Defendant Hae Jeong Kim is an adult resident of Maryland. She is also known as Grace Kim. She exercises control over the operations of Cosmo Cafe, Inc. — including its pay practices. She resides at 6408 Ripe Apple Lane, Columbia, MD 21044.

9.      Upon information and belief, Defendant Su Myong Kim is the father of Defendant Hae Jeong Kim.

**Factual Allegations**

10.      Defendants own and operate the restaurant Cosmo Café, located at 600 Maryland Avenue SW, 115W, Washington, DC 20024.

11.     Plaintiff worked at Cosmo Cafe from approximately March 11, 2019 through approximately December 4, 2019.

12.     Plaintiff worked at Cosmo Cafe as a kitchen laborer.

13.     Plaintiff's job duties at Cosmo Cafe primarily consisted of: washing and cutting vegetables and meats, and cleaning his work station.

14.     Plaintiff typically and customarily worked fifty hours per week.

15.     At all relevant times, Defendants paid Plaintiff a weekly salary.

16.     At all relevant times, Defendants paid Plaintiff approximately $500.00 per week.

17.     At all relevant times, Defendants paid Plaintiff an effective hourly rate of $10.00 per hour.

18.     At all relevant times, Defendants paid Plaintiff in cash.

19.     Plaintiff worked more than forty hours per workweek for Defendants.

20.     Defendants paid Plaintiff the same effective hourly rate across all hours worked.

21.     Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22.     In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

23.     The District of Columbia required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019 and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

24.     Defendants owe Plaintiff approximately $9,870.00 in minimum and overtime wages (excluding liquidated damages).

25.     Upon information and belief, Defendant Su Myong Kim participated in the decision to hire Plaintiff.

26.     Upon information and belief, Defendant Hae Jeong Kim participated in the decision to hire Plaintiff.

27.     Upon information and belief, Defendant Su Myong Kim set Cosmo Café's hours of operation.

28.     Upon information and belief, Defendant Hae Jeon Kim set the work schedules of Plaintiff and the other employees of Cosmo Café.

29.     Upon information and belief, Defendants Su Myong Kim and Hae Jeong Kim both participated in the decision to pay Plaintiff with cash.

30.     Upon information and belief, Defendants Su Myong Kim and Hae Jeong Kim both participated in the decision to pay Plaintiff a weekly salary of $500.00.

31.     On Cosmo Café's website, Defendant Su Myong Kim is identified as the C.E.O. and Defendant Hae Jeong Kim is identified as the General Manager.

32.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

33.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

34.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

35.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

36.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

37.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

38.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

39.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

40.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

41.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

42.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

44.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

45.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

46.     Defendants' violations of the FLSA were willful.

47.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

50.     The DCMWA required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019 and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

51.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

52.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

53.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

54.     Defendants' violations of the DCMWA were willful.

55.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and over-time wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

56.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

57.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

58.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

59.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

60.     For purposes of the DCWPCL, "wages" include, among other things, minimum and over-time wages. D.C Code § 32-1301(3).

61.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

62.     Defendants' violations of the DCWPCL were willful.

63.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$44,880.00**, and grant the following relief:

a.      Award Plaintiff $39,480.00, consisting of the following overlapping elements:

    i.        unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.       unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.      unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.     Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,000.00);

d.     Award Plaintiff court costs (currently, $400.00); and

e.     Award any additional relief the Court deems just.

Date: January 23, 2020

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so tri-able.

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001